CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 0 9 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5:06CR00041 |
| | ) | Civil Action No. 5:08CV80068 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| MARC ANDRE FLEURIVAL, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Marc Andre Fleurival, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss to which Fleurival has responded, making the matter ripe for disposition. For the following reasons, the government's motion will be granted and Fleurival's motion will be denied.

### Background

On September 6, 2006, Fleurival and eleven other defendants were charged in a twenty-nine-count indictment returned by a grand jury in the Western District of Virginia. Count One charged that, beginning on a date unknown to the grand jury, but not later than January of 2002, and continuing until the date of the indictment, Fleurival and the other defendants conspired to manufacture, distribute, and possess with intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846. Counts Four and Twelve charged Fleurival with distributing cocaine base on March 22, 2005, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

On March 15, 2007, the government filed an information, pursuant to 21 U.S.C. § 851, which advised Fleurival that his prior Florida convictions for possession of cocaine and sale of

cocaine would be used to increase the applicable statutory penalties.[1] Five days later, on March 20, 2007, the defendant entered a plea of guilty to Count One of the indictment, pursuant to a written plea agreement. The plea agreement stated that Fleurival had a prior conviction for a felony drug offense, and that as a result of his prior conviction, Fleurival was subject to a mandatory minimum term of imprisonment of twenty years. (Plea. Ag. at 1).

Under the terms of the plea agreement, the government agreed to dismiss the remaining counts of the indictment upon acceptance of Fleurival's plea of guilty. (Plea Ag. at 3). The government agreed to recommend a three-level reduction for acceptance of responsibility, if Fleurival, in fact, accepted responsibility for his actions. (Plea Ag. at 4). The government also agreed to consider filing a substantial assistance motion under § 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e), if Fleurival provided full, truthful, and complete information and cooperation.[2] (Plea. Ag. at 5). Additionally, the government agreed that it would not seek to enhance the applicable statutory penalties on the basis of any prior offenses except the defendant's 2002 convictions for possession of cocaine and sale of cocaine in the Circuit Court of St. Lucie County, Florida. (Plea Ag. at 6).

In exchange, Fleurival agreed to "knowingly waive the right to appeal [his] sentence, including any statutory minimum penalties." (Plea Ag. at 6). Fleurival also agreed to waive

---

[1] The court notes that the information contained a typographical error. Although the information listed the correct date of arrest and case number for the Florida offenses, it incorrectly listed the date of sentencing as 9/30/82 instead of 9/30/02. The error was amended during the sentencing hearing. See 21 U.S.C. § 851(a)(1) ("Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.").

[2] As will be discussed, infra, Fleurival acknowledged and agreed that whether a substantial assistance motion would be made was in the sole discretion of the United States Attorney, and that the plea agreement was not contingent on the government making such motion. (Plea Ag. at 7-8).

2

"[his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255 or any other provision of law, the judgment and any part of the sentence imposed upon [him] by the Court." (Plea Ag. at 6). Additionally, Fleurival agreed to waive "any claim [he] may have for ineffective assistance of counsel known and not raised by [him] with the Court at the time of sentencing. (Plea Ag. at 10).

Fleurival initialed every page of the plea agreement, including the page containing the waiver of collateral-attack rights. By signing the plea agreement, Fleurival affirmed that he had read the plea agreement, that he had carefully reviewed every part of the agreement with his attorney, that he understood the agreement, that he was voluntarily agreeing to its terms, that he had not been coerced, and that he had not been promised anything beyond the terms of the agreement in exchange for his plea of guilty. (Plea Ag. at 11).

During the Rule 11 hearing, United States Magistrate Judge James G. Welsh conducted a thorough plea colloquy. Fleurival stated under oath that he had completed the eleventh grade, that he could understand English, that he could read and write, and that he was not suffering from a physical or mental problem that would impair his ability to understand or to participate fully in the proceeding. (Plea Hearing Tr. at 4-5). The magistrate judge established that Fleurival understood the charge to which he was pleading guilty, that he was aware that the charge carried a twenty-year mandatory minimum sentence as a result of his prior felony drug convictions, and that he understood how the advisory sentencing guidelines might apply in his case. (Tr. at 11-12).

The magistrate judge also questioned Fleurival regarding his understanding of the plea agreement. Fleurival affirmed that he understood the terms of the plea agreement, that he knew

3

that he was waiving his right to appeal his sentence, and that he knew that he was waiving his right to collaterally attack the judgment and sentence under 28 U.S.C. § 2255. (Tr. at 14-15, 16, 23). Additionally, the magistrate judge specifically inquired as to whether Fleurival was voluntarily pleading guilty and as to whether he was satisfied with his attorney's representation. Fleurival affirmed that he was satisfied with the services provided by his attorney, that no one had forced him to enter into the plea agreement or to enter a plea of guilty, and that no one had made any promises other than those included as terms of the plea agreement.[3] (Tr. at 10, 34). Despite all of the magistrate judge's questions, Fleurival stated that he still wanted to plead guilty. (Tr. at 33). At the conclusion of the hearing, the magistrate judge asked Fleurival whether he had any questions or anything that he wanted to say. Fleurival responded in the negative. (Tr. at 34).

On March 27, 2007, the magistrate judge issued a report in which he recommended that the court accept Fleurival's guilty plea. The magistrate judge found that Fleurival was fully competent and capable of entering an informed plea, that Fleurival was aware of the nature of the charge against him and the consequences of his plea, and that Fleurival's plea was knowing and voluntary. The magistrate judge also emphasized that Fleurival had unequivocally acknowledged that he was subject to a mandatory minimum term of imprisonment of twenty years as a result of his prior felony drug convictions. Fleurival did not file any objections to the magistrate judge's report. Consequently, on April 18, 2007, the court issued an order adopting the report and the findings and recommendation contained therein.

---

[3] Consistent with his sworn statements during the Rule 11 hearing, Fleurival signed a guilty plea form, by which he affirmed that his plea of guilty was knowing and voluntary, and that it was made without any threats or promises.

4

The court conducted Fleurival's sentencing hearing on August 24, 2007. During the hearing, Fleurival's attorney objected to Fleurival being subject to an enhanced mandatory minimum sentence under § 841(b)(1)(A). The attorney stated that it was his understanding that the predicate convictions identified in the government's § 851 notice were still on appeal at the time that Fleurival was arrested on the federal drug charges and, thus, that they had not become final for purposes of § 841(b)(1)(A).[4] In response to the objection, the government introduced a copy of the docket sheet from the relevant state case, which showed that Fleurival was convicted by a Florida jury of possession of cocaine and sale of cocaine on August 5, 2002, that he was sentenced to a total term of imprisonment of 60 months on September 30, 2002, that the judgment order was entered on October 9, 2002, and that Fleurival did not appeal the judgment. The government noted that while Fleurival did file a motion for post-conviction relief in the state case, which was still pending at the time that he was arrested on the federal charges, the predicate

---

[4] Section 841(b)(1)(A) provides, in pertinent part, as follows:

> In the case of a violation of subsection (a) of this section involving –
>
> . . .
>
> (iii) 50 grams or more of a mixture or substance . . . which contains cocaine base;
>
> . . .
>
> such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment.

21 U.S.C. § 841(b)(1)(A).

Case 5:06-cr-00041-GEC   Document 648   Filed 04/09/09   Page 5 of 11   Pageid#: 2993

convictions became final, for purposes of § 841(a)(1), when the time for filing a direct appeal expired.[5]

Acknowledging that he had "no reason to disbelieve" the government's evidence (Sentencing Tr. at 11), Fleurival's attorney alternatively argued that an enhanced sentence would be inappropriate, since the conspiracy charged in the indictment was alleged to have begun no later than January of 2002, before Fleurival was convicted of the predicate offenses. The court subsequently took a short recess to consider this issue. Upon the completion of additional research, the court held that the objection was without merit, in light of the United States Court of Appeals for the Fourth Circuit's decision in United States v. Smith, 451 F.3d 209 (2006).[6] The court then inquired as to whether Fleurival affirmed or denied the predicate conviction for possession of cocaine. In response, Fleurival affirmed that he was convicted of possession of cocaine on September 30, 2002 in Florida state court. Consequently, the court concluded that Fleurival was subject to a mandatory minimum term of imprisonment of 240 months under § 841(b)(1)(A). The court ultimately imposed a 240-month sentence, and ordered that the sentence run concurrently with the Florida state sentences that Fleurival was serving.

---

[5] The court notes that, under Florida law, a notice of appeal must be filed "within 30 days of rendition of the order to be reviewed." Fla. R. App. P. 9.110(b); see also Brooks v. State, 969 So. 2d 238, 242 (Fla. 2007) (noting that an appeal will be dismissed if it is not filed within thirty days after the defendant's sentence is rendered). The United States Court of Appeals for the Fourth Circuit has held that "a prior conviction is final for the purposes of a section 841 enhancement when the time for taking a direct appeal has expired." United States v. Howard, 115 F.3d 1151, 1158 (4th Cir. 1997).

[6] In Smith, the Fourth Circuit held that "[w]hen a defendant is convicted of a drug conspiracy under 21 U.S.C. § 846, prior felony drug convictions that fall within the conspiracy period may be used to enhance the defendant's sentence if the conspiracy continued after his earlier convictions were final." Smith, 451 F.3d at 224-225.

6

Before the court pronounced the sentence, Fleurival was given the opportunity to address the court. At that time, Fleurival did not express any desire to withdraw from the plea agreement, or voice any complaints regarding the quality and effectiveness of his attorney's representation. Instead, Fleurival apologized to the government and the court, acknowledged that he had "done wrong," and stated that he was "willing to accept . . . responsibility for what [he had] done." (Sentencing Tr. at 24). Fleurival did not appeal his conviction or sentence.

Fleurival filed the instant § 2255 motion on June 27, 2008. Liberally construed, the motion raises the following claims of ineffective assistance of counsel:

1.  Counsel coerced Fleurival to confess to selling drugs;

2.  Counsel was generally ineffective;

3.  Counsel failed to provide Fleurival with any information about his case;

4.  Counsel forced him to sign a plea agreement that included a waiver of his appellate rights;

5.  Counsel failed to provide Fleurival with his own copy of the indictment; and

6.  Counsel "basically forced [Fleurival] to take the plea or he wouldn't help [Fleurival] if [Fleurival] went to trial."

Additionally, the motion raises the following claims of prosecutorial misconduct, actual innocence, and court error:

7.  The prosecutor failed to disclose evidence that was favorable to Fleurival;

8.  Fleurival is actually innocent of the crime to which he pled guilty, and his conviction was based on mistaken identity;

9.  The court illegally enhanced Fleurival's sentence on the basis of state convictions that were under appeal at the time of sentencing;

10. The court inaccurately explained the elements of the crime and the burden of

7

proof;

11.     The government breached the plea agreement by failing to move for a downward departure at sentencing;

12.     The government breached the plea agreement by choosing not to file a motion for substantial assistance;

13.     There was insufficient evidence to support Fleurival's conviction; and

14.     The prosecutor failed to provide notice of the prior convictions that it planned to rely on to seek an enhanced sentence.

The government filed a motion to dismiss on October 29, 2008. The government argues that the § 2255 motion must be dismissed because Fleurival specifically waived the right to collaterally attack his conviction and sentence. The government also argues that Fleurival's claims are without merit. Fleurival filed a response to the motion to dismiss on February 17, 2009. The matter is now ripe for review.

## Discussion

1.     Fleurival's waiver of collateral-attack rights is valid and enforceable.

The Fourth Circuit has held that a waiver of collateral-attack rights is valid as long as the waiver is knowingly and voluntarily made. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The determination of whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (internal citation and quotation marks omitted). The Fourth Circuit has emphasized that "a defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.'" United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v.

8

Allison, 431 U.S. 63, 74 (1977)). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)). If a district court determines that a petitioner knowingly and voluntarily waived his collateral-attack rights, and that the petitioner's claims fall within the scope of the waiver,[7] the court must dismiss the § 2255 motion without addressing the merits of those claims. See Id. at 222.

Having reviewed the record in this case, the court agrees with the government that Fleurival knowingly and voluntarily waived his right to collaterally attack his conviction and sentence. Fleurival initialed every page of the plea agreement, including the page containing the waiver of collateral-attack rights. By signing the plea agreement, Fleurival affirmed that he had carefully reviewed the agreement with his attorney and that he understood the plea agreement's terms. Moreover, during the plea hearing, Fleurival affirmed that he understood the agreement, that he knew that he was waiving his right to appeal his sentence, and that he knew that he was "waiving [his] right to collaterally attack the judgment and sentence under 28 U.S.C. § 2255." (Plea Hearing Tr. at 15). Fleurival also testified that he was satisfied with his attorney, that his attorney's assistance had been effective, and that he was voluntarily agreeing to the plea

---

[7] The Fourth Circuit has recognized a narrow class of claims that fall outside the scope of a valid waiver of appellate or collateral-attack rights. Issues that a defendant could not have reasonably foreseen when entering into a plea agreement, such as the imposition of a sentence above the statutory maximum, the imposition of a sentence based on an constitutionally impermissible factor such as race, United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), or the complete denial of counsel at any stage of the proceedings following the entry of the plea, United States v. Attar, 38 F.3d 727, 732-733 (4th Cir. 1994), fall outside the scope of the waiver.

9

agreement's terms.

Fleurival's testimony at the plea hearing conclusively establishes that he understood the terms of the plea agreement, including the waiver of collateral-attack rights, and that his guilty plea was made knowingly and voluntarily. Although Fleurival now alleges that his attorney forced him to sign the plea agreement without providing him with any information about his case, Fleurival's allegations directly contradict his affirmations in the plea agreement and his sworn statements during the plea hearing. Consequently, the court concludes that these allegations are "palpably incredible and patently frivolous or false," Lemaster, 403 F.3d at 222, and that the waiver of collateral-attack rights is valid and enforceable.

    2.    <u>The plea agreement was not breached.</u>

Fleurival also claims that the government breached the plea agreement by not moving for a downward departure at sentencing and by not filing a substantial assistance motion. Fleurival's allegations in this regard, however, are flatly contradicted by the agreement itself.

In the plea agreement, Fleurival specifically acknowledged and agreed that whether a substantial assistance motion would be made was in the sole discretion of the United States Attorney, and that the "plea agreement [was] not continent in any way on the United States making a substantial assistance motion." (Plea Ag. at 7-8). The plea agreement further provided that Fleurival "under[stood] that the United States [would] object to any downward departure from the sentencing guidelines, absent the filing of a motion permitting downward departure under Sentencing Guideline Section 5K1.1, Title 18, United States Code, Section 3553(e) and/or Federal Rules of Criminal Procedure 35(b). (Plea Ag. 10-11). Moreover, by signing the plea agreement, Fleurival acknowledged that the agreement "set[] forth the entire understanding

between the parties," and that it "supercede[d] all prior understandings, promises, agreements, or conditions, if any, between the United States and [Fleurival]." (Plea Ag. at 11). Accordingly, the court concludes that Fleurival's claims that the government breached the plea agreement by not moving for a downward departure and by not filing a substantial assistance motion are without merit.

> 3.     <u>Fleurival's remaining claims are barred by the waiver.</u>

The court has already determined that Fleurival's plea of guilty and his waiver of collateral-attack rights were knowing and voluntary, and that the plea agreement was not breached. Because none of Fleurival's remaining claims challenge the validity of the plea agreement or fall within the narrow class of claims that have been found to fall outside the scope of a valid waiver,[8] the remaining claims must also be dismissed.

### Conclusion

For the reasons stated, the court will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 9th day of April, 2009.

_____
United States District Judge

---

[8] <u>See</u> footnote 7, <u>supra</u>.

11