CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 6 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal Action No. 5:06CR00041-004 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| MARC ANDRE FLEURIVAL, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) Senior United States District Judge |

Defendant Marc Andre Fleurival, through counsel, has filed an emergency motion for reduction of sentence pursuant to the First Step Act of 2018. The motion has been fully briefed and is ripe for review. For the following reasons, the court will grant the defendant's motion.

On September 6, 2006, a grand jury in the Western District of Virginia returned a multi-count indictment against the defendant. Count One of the indictment charged the defendant with conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846. The government filed a notice of enhanced punishment pursuant to 21 U.S.C. § 851. As a result of the prior felony drug conviction listed in the notice, the defendant faced a mandatory minimum term of imprisonment of 240 months for the conspiracy offense charged in Count One, as well as a mandatory period of supervised release of at least ten years. See 21 U.S.C. § 841(b)(1)(A) (2006). On March 20, 2007, the defendant entered a plea of guilty to that count.

The defendant appeared for sentencing on August 24, 2007. At that time, the court adopted the presentence report prepared by the United States Probation Office, which attributed 499.9 grams of cocaine base to the defendant. This particular drug quantity and type resulted in a base offense level of 34 under the applicable version of the United States Sentencing

Guidelines ("U.S.S.G."). See U.S.S.G. § 2D1.1(c)(3) (2006). With a three-level reduction for acceptance of responsibility and a criminal history category of VI, the defendant's guideline range would have been 188 to 235 months of imprisonment. However, because the statutory mandatory minimum sentence of 240 months was greater than the otherwise applicable guideline range, that sentence became the guideline sentence. See U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). The court ultimately imposed a term of imprisonment of 240 months, to be followed by a ten-year term of supervised release.

The parties agree that the defendant is now eligible for a sentence reduction under the newly-enacted First Step Act of 2018. Section 404 of the First Step Act permits the court to retroactively apply the statutory penalties modified by the Fair Sentencing Act of 2010. See First Step Act of 2018, 115 Pub. L. 391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); see also 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a sentence of imprisonment "to the extent otherwise expressly permitted by statute"). Section 404 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 115 Pub. L. 391, § 404(b). The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties of which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Id. § 404(a).

In this case, it is undisputed that the defendant's offense of conviction is a "covered offense" for purposes of the First Step Act. The offense was committed before August 3, 2010,

and the applicable statutory penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine base offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016) (citing Fair Sentencing Act of 2010, § 2, Pub. L. No. 111-220, 124 Stat. 2372, 2373 (codified at 21 U.S.C. § 841(2012))). As relevant in the instant case, section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger the statutory penalties set forth in § 841(b)(1)(A) from 50 grams to 280 grams. See Pub. L. No. 111-220, § 2(a)(1), 124 Stat. at 2372; see also 21 U.S.C. § 841(b)(1)(A) (2012). Accordingly, the court is authorized to "impose a reduced sentence as if [section 2] were in effect at the time the covered offense was committed." 115 Pub. L. 391, § 404(b).

When the Fair Sentencing Act is retroactively applied in the defendant's case, the statutory sentencing range for the defendant's offense is 120 months to life imprisonment and at least eight years of supervised release, based on the quantity of cocaine base charged in the indictment and the prior conviction identified in the § 851 notice. See 21 U.S.C. § 841(b)(1)(B) (2012) (setting for the mandatory minimum penalties applicable to offenses involving 28 grams or more of a mixture or substance containing cocaine base). The guideline range of imprisonment that now applies in the defendant's case, based on intervening amendments to § 2D1.1 of the Sentencing Guidelines, is 130 to 162 months.

Upon review of the record, the court agrees with the parties that a sentence reduction is warranted in the defendant's case. The court has been advised that the defendant has served approximately 137 months of his prison sentence. After considering the parties' arguments and the sentencing factors set forth in 18 U.S.C. § 3553(a), and in order to maintain consistency with the relief afforded in similar cases, the court will reduce the defendant's term of imprisonment to

time served.* The court will also reduce the defendant's period of supervised release to eight years. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

DATED: This 6th day of February, 2019.

                                                 /s/ Glen Conrad
                                                 Senior United States District Judge

---

* To the extent the defendant seeks to be resentenced to a term of imprisonment that is less than time served, the request is denied. As the government explains in its response, a sentence of less than time served would allow the defendant to have "banked time" to be applied to any future term of imprisonment that might be imposed in the event that the defendant fails to comply with his conditions of supervised release. While the court has no reason to believe that the defendant will be noncompliant on supervision, the court declines to amend the sentence in such a manner that could provide a "sense of immunity" for future misconduct or otherwise impede the rehabilitative objectives of supervised release. Miller v. Cox, 443 F.2d 1019, 1021 (4th Cir. 1971); see also cf. United States v. Johnson, 529 U.S. 53, 60 (2000) (explaining that the objectives of supervised release would be thwarted if "excess prison time were to offset and reduce terms of supervised release"); Melton v. Garrison, 538 F.2d 324 (4th Cir. 1976) (noting that allowing a defendant to have "'banked time' against a future sentence" is "neither necessary nor appropriate") (citing Miller, supra).

4